ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
TESSA F. BETHUNE,

              Plaintiff,

   - against -

MOUNT SINAI BETH ISRAEL MEDICAL
CENTER, s/h/a BETH ISRAEL HOSPITAL,

              Defendant.
- - - - - - - - - - - - - - - - - -X

15 Civ. 9479 (LLS)

OPINION & ORDER

    Defendant Mount Sinai Beth Israel Medical Center moves to dismiss, for failure to state a claim upon which relief can be granted, plaintiff Tessa F. Bethune's claims of negligence and negligent hiring, training, and supervision of its staff. See Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

    Plaintiff claims monetary damages for her injuries, including mental damage, resulting from an assault that occurred while she was a hospital patient in July 2012. On October 25, 2015, plaintiff filed a summons and complaint in New York County Supreme Court. On December 3, 2015, Defendant Beth Israel removed the action to the Southern District of New York, and on December 14, 2015, moved to dismiss the complaint in its entirety. Beth Israel argues, inter alia, that New York's three-year statute of limitations for negligence claims bars plaintiff's cause of action.

In a letter dated December 26, 2015, plaintiff requested a two-week extension to file her papers in opposition. On January 7, 2016, the court granted that request. <u>See</u> Dkt. No. 12. On March 8, the court denied plaintiff's subsequent request to postpone for six months her deadline to file her papers in opposition to defendant's motion, and directed her to file papers in opposition by March 22, 2016. <u>See</u> Dkt. No. 16. On March 16, 2016, plaintiff filed an affidavit of Sororazam Bethune, her mother, and an affirmation requesting a four-month extension to file opposition papers.

Regarding plaintiff's mental incapacity, her mother states:

> My daughter has been hospitalized in mental units several occasions since the attack in 2012 under care of Beth Israel Hospital. I have been advised by my attorney Stuart A. Jackson, Esq. that in order to proceed in this litigation, that I need to obtain an Affirmation from a Treating Psychiatrist concerning my daughter's recovery from the mental illness which caused her repeated hospitalizations in the mental institutions after the 2012 attack, which I have stated above.

Sororazam Bethune Affidavit ¶ 3. Her attorney's affirmation states: "Plaintiff graduated from New York University in 2011 and has been hospitalized in various mental institutions for varying periods of time up to the present date." Affirmation of Stuart A. Jackson ¶ 3.

The statute of limitations for a negligence action in New York is three years. N.Y. C.P.L.R. § 214(5). However, the C.P.L.R. contains a tolling provision, Section 208:

- 2 -

> If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs. . . .

The insanity toll applies only to "individuals who are unable to protect their legal rights because of an over-all inability to function in society." McCarthy v. Volkswagen of Am., 55 N.Y.2d 543, 548, 450 N.Y.S.2d 457, 459, 435 N.E.2d 1072, 1075 (1982).

"In order to be eligible for tolling under Section 208, plaintiffs must also establish that the disability of insanity was continuous during the relevant period." Carter v. Doe, 05 Civ. 8432 (NRB), 2006 U.S. Dist. LEXIS 51856, at *10 (S.D.N.Y. July 25, 2006) (citing cases); Libertelli v. Hoffman-La Roche, Inc., 565 F. Supp. 234, 237 (S.D.N.Y. 1983) (if at any time the plaintiff "experienced a lucid interval during which she regained her ability to protect her legal rights" tolling is lost and Section 208 does not apply). A habeas corpus petitioner who had no "documentation that his mental illness kept him from acting with diligence throughout the many years that need to be tolled for his petition to be timely," the Second Circuit held in Rios v. Mazzuca, 78 Fed. App'x 742, 744

(2d Cir. 2003), did not satisfy his burden of proving that he was entitled to equitable tolling (id. at 745).

Plaintiff's submissions are clear that her periods of disability from "mental illness" were not continuous, but episodic. She does not suggest such constant obliteration of her capacity to function throughout the entire three-year period as to toll the statute of limitations. Her claim is therefore time-barred.

## Conclusion

Defendant Mount Sinai Beth Israel Medical Center's motion to dismiss (Dkt. No. 8) is granted and the complaint is dismissed.

So ordered.

Dated: New York, N.Y.
       March 25, 2016

_____
Louis L. Stanton
U.S.D.J.